IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL SKIDMORE,<br><br>        Petitioner,<br><br>    v.<br><br>J. LIZARRAGA,<br><br>        Respondent. | Case No.: C 14-0253 JSC (PR)<br><br>**ORDER VACATING PRIOR ORDER OF DISMISSAL AND JUDGMENT; ORDER OF DISMISSAL** |

On January 9, 2014, Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] On February 28, 2014, it was dismissed without prejudice on the grounds that Petitioner had neither paid the filing fee nor completed an application to proceed in forma pauperis ("IFP"). Unbeknownst to the Court, Petitioner had in fact paid the filing fee on February 11, 2014. Accordingly, the dismissal and judgment of February 28, 2014, are VACATED. A review of the petition, however, reveals that it must be dismissed for lack of exhaustion.

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 1 at 8.)

**DISCUSSION**

A federal court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court, such as petitioner, may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). He raises claims of ineffective assistance of counsel, and he states that he has not exhausted them. (Pet. at 5-6; Docket No. 1 at 28.) Specifically, he states that the claims are now pending in a habeas petition in the Sonoma County Superior Court. (Pet. at 3-4.) As the claims in the petition are not exhausted, the petition must be dismissed.

Petitioner attaches to his petition a motion for a stay and abeyance of the instant federal petition while he exhausts his claims in state court. (Docket No. 1 at 26-33.) The United States Supreme Court has held that district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A district court does not have discretion to stay a petition containing only unexhausted claims, however, even where the record shows that there were exhausted claims that could have been included. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). As Petitioner indicates that he has not exhausted any of his claims of ineffective assistance of counsel (Petition at 5-6; Docket No. 1 at 28), the stay and abeyance procedure cannot be applied to his case.

To exhaust his claims, Petitioner must properly present them to the California Supreme Court. In California, the California Supreme Court, the California Court of Appeal, and the

superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, Petitioner may file a new habeas corpus petition in the California Court of Appeals. *See id.* If the Court of Appeals denies relief, Petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in that court. *See id.* at n.3. After Petitioner has done so and exhausted his claims, he may return to federal court and present his claims in a new habeas petition. At that time, he will have the opportunity to raise his arguments as to why the petition should not be dismissed as untimely or for other procedural reasons.

## CONCLUSION

For the foregoing reasons and for good cause shown the petition for a writ of habeas corpus is DISMISSED without prejudice to filing a new petition in this Court after available state judicial remedies are exhausted.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's ruling debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case

The Clerk shall VACATE the dismissal order and judgment entered on February 28, 2014, enter this order and a new judgment, and close the file.

**IT IS SO ORDERED.**

Dated: March 12, 2014

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE